O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

KEVIN T. PERRY,

            Petitioner,

      v.

CARL WOFFORD,

           Respondent.

)
)
)
)
)
)
)
)
)
)

Case No. SA CV 15-0830 RGK (JCG)

**ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

On May 28, 2015, petitioner Kevin T. Perry ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1.] Notably, it is his *fourth* federal petition challenging a 2002 state court conviction and sentence for first degree burglary. Petitioner has consented to the Magistrate Judge's jurisdiction and is the only party who has appeared in this action. [*See* Dkt. No. 3.] Accordingly, and for the reasons discussed below, the Court finds that the Petition is an unauthorized "second or successive" petition, and summarily dismisses this action without prejudice for lack of jurisdiction. *See* 28 U.S.C. 2244(b); *Wilhelm v. Rotman*, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to dismiss action where prisoner consented and was only party

to action); *Holloway v. Price*, 2013 WL 6145150 (C.D. Cal. Nov. 21, 2013) (magistrate judge's summary dismissal of successive habeas petition).

By way of background, Petitioner first challenged his conviction and sentence in 2011. [*See* C.D. Cal. Case No. SA CV 11-0692 RGK (RNB), Dkt. No. 1.] That petition was dismissed as untimely. [*See id.*, Dkt. Nos. 26, 28.]

In 2012, Petitioner filed a second petition challenging the same conviction and sentence. [*See* C.D. Cal. Case No. SA CV 12-1312 RGK (RNB), Dkt. No. 1.] That petition was dismissed for lack of jurisdiction, on the grounds that Petitioner had not obtained authorization to file a "second or successive" petition. [*See id.*, Dkt. No. 7 at 3-4.]

In 2013, Petitioner filed a *third* petition challenging the same conviction and sentence. [*See* C.D. Cal. Case No. SA CV 13-0593 RGK (RNB), Dkt. No. 1.] That petition was dismissed on the grounds that it was a "second or successive" petition containing previously presented claims. [*See id.*, Dkt. No. 5 at 4.]

On May 28, 2015, Petitioner filed the instant Petition, in which he *again* challenges his 2002 conviction and sentence. (Pet. at 2.) In particular, Petitioner challenges the five-year sentencing enhancement that he received pursuant to California Penal Code § 667(a)(1). [Dkt. No. 2 ("Memorandum") at 4-5.]

However, Petitioner has *again* failed to obtain the Ninth Circuit's authorization to file a "second or successive" petition. *See* 28 U.S.C. § 2244(b).

In an effort to distinguish the instant Petition from his earlier efforts, Petitioner argues that his new claims "could [not] have been raised earlier." (Mem. at 3.) In particular, Petitioner relies on California's Proposition 36, which was enacted in 2012, and which modified California's Three Strikes Law. *See generally Benson v. Chappell*, 2014 WL 6389443, at *2 (C.D. Cal. Nov. 13, 2014). According to Petitioner, Proposition 36 revised § 667(a)(1) – narrowing the class of repeat offenders subject to its mandatory five-year sentencing enhancement – but did not provide any means of obtaining retroactive relief. (Mem. at 4-5.) As such, Petitioner complains,

he has been unconstitutionally deprived of an opportunity to request resentencing. (*Id.*)

Petitioner's argument is unavailing, for three reasons.

First, even if Petitioner's claim were valid and could not have been raised earlier, it would nevertheless constitute a challenge to his original sentence. As such, the Petition is an unauthorized "second or successive" petition, which this Court lacks jurisdiction to consider. *See* 28 U.S.C. § 2244(b); *Clayton v. Biter*, 2014 WL 5420136, at *2 (C.D. Cal. Sept. 23, 2014) (dismissing petition as "second or successive" where Petitioner claimed to be "entitled to a change in his *original* sentence because of a change in the law"); *but see Benson*, 2014 WL 6389443, at *4 (holding that petition was not "second or successive" where petitioner's challenge to state court's denial of resentencing could not have been raised in earlier petition).

Second, Petitioner relies on a mistaken premise: California Penal Code § 667(a)(1) has not changed since Petitioner was sentenced in 2002. *Compare* Cal. Penal Code § 667(a)(1) (Deering 2001) *and* Cal. Penal Code § 667(a)(1) (Deering 2015).

Third, and in any event, Petitioner's claim is not cognizable on federal habeas review, because it does not allege a violation of federal law. *See* 28 U.S.C. § 2254(a); *Peeler v. Kabban-Miller*, 2012 WL 2203054, at *5 (E.D. Cal. June 14, 2012) ("The retroactivity of a state change of law is a *state* question[;] . . . the federal Constitution has no voice upon the subject.") (emphasis added); *Dillon v. United States*, 560 U.S. 817, 828 (2010) ("We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent [sentencing] amendments.").

For the foregoing reasons, **IT IS ORDERED THAT** this action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

1         Additionally, for the reasons stated above, the Court finds that Petitioner has not
2    shown that reasonable jurists would find it debatable whether this Court was correct in
3    its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  The Court
4    thus **DECLINES** to issue a certificate of appealability.
5         **LET JUDGMENT BE ENTERED ACCORDINGLY.**
6
7
8    DATED:   July 31, 2015        _____
9                                          HON. JAY C. GANDHI
                                     UNITED STATES MAGISTRATE JUDGE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28